UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:                CONSENT PRELIMINARY ORDER
- v. -                                                OF FORFEITURE/
:                MONEY JUDGMENT
CASWELL SENIOR,
   a/k/a "Casanova,"                      :                S6 20 Cr. 626 (PMH)

                    Defendant.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about November 8, 2021, CASWELL SENIOR, a/k/a "Casanova," (the "Defendant"), among others, was charged with, among other things, racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) and 1963 (Count One), and narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Sixteen), in a twenty-five count superseding Indictment before the Honorable Philip M. Halpern ("Indictment").

        WHEREAS, the Indictment included a forfeiture allegation as to, among other counts, Count One and Count Sixteen of the Indictment, seeking forfeiture to the United States, pursuant to of Title 18, United States Code, Section 1963, of any and all interest the Defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interest in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described in the Indictment which the Defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained directly and indirectly, from the racketeering activity alleged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count

One of the Indictment that the Defendant personally obtained; and, pursuant to Title 21, United States Code, Section 853, any and all property constituting and derived from proceeds obtained directly and indirectly, as a result of the narcotics trafficking activity alleged in Count Sixteen of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Sixteen of the Indictment that the Defendant personally obtained

WHEREAS, on or about May 11, 2022, the Defendant pled guilty to Counts One and Sixteen of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted, among other things, the forfeiture allegations with respect to Counts One and Sixteen of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 1963 and Title 21, United States Code, Section 853, a sum of money equal to $50,000 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Sixteen of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $50,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Count One and Sixteen of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Sixteen of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

5.  Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.  The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     6-27-23
Shiva H. Logarajah                        DATE
David R. Felton
Courtney L. Heavey
Assistant United States Attorneys
Tel: 212-637-2272 /-2299 /-2413

CASWELL SENIOR

By: _____     6.27.23
CASWELL SENIOR                           DATE

By: _____     6.27.23
JAMES KOUSOUROS, ESQ.                    DATE
Attorney for Defendant


SO ORDERED:

_____          6.27.23
HONORABLE PHILIP M. HALPERN              DATE
UNITED STATES DISTRICT JUDGE

5