UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
 UNITED STATES OF AMERICA,

                                                                                **ORDER**

    v.

                                                                                20-CR-00626-08 (PMH)

 CASWELL SENIOR,

                              Defendant.
-----------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

On July 7, 2023, defendant Caswell Senior filed a notice of appeal from this Court's June 28, 2023 Judgment which sentenced him to 188 months' imprisonment. (Doc. 666; Doc. 668). That appeal remains pending.

On August 22, 2023, defendant, proceeding *pro se*, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 698). The Government filed its response on September 29, 2023 (Doc. 734), and defendant filed reply on October 12, 2023 (Doc. 753).

A district court may not enter a § 3582(c) modification while an appeal of the defendant's sentence is pending. *United States v. Capers*, No. 15-CR-00607, 2023 WL 7626560, at *3 (S.D.N.Y. Nov. 14, 2023). Indeed, numerous "[d]istrict courts in this Circuit have uniformly found that they lack jurisdiction to consider a defendant's motion for compassionate release while an appeal from the defendant's conviction was pending." *United States v. Larkin*, No. 19-CR-00833, 2022 WL 1154313, at *1 (S.D.N.Y. Apr. 19, 2022) (collecting cases). "Once [the defendant] filed his notice of appeal challenging the Court's sentence, jurisdiction over the questions raised in his § 3582(c) motion transferred to the Second Circuit." *United States v. Martin*, No. 18-CR-00834, 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020). Accordingly, defendant's appeal divested this

1

Court of jurisdiction over any issues raised on appeal, including the sentence imposed, until the appeal is resolved.

Although the Court lacks jurisdiction over this application, it may nonetheless consider the merits of the motion pursuant to Federal Rule of Criminal Procedure 37(a). Because the Court would deny defendant's motion if he had not filed a notice of appeal, in the interests of judicial economy, the Court reaches the merits pursuant to Rule 37(a) and denies the motion for compassionate release. The Court concludes that a reduction in defendant's sentence is neither "consistent with the applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(i), nor supported by the "factors set forth in section 3553(a)," *id.* § 3582(c)(1)(A).

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). Compassionate release is one of the limited exceptions enumerated in 18 U.S.C. § 3582(c). Under the First Step Act, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal [or] a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce a defendant's sentence, on a defendant's motion, if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). "The moving party bears the burden of proving that extraordinary and compelling reasons exist." *United States v. Rodriguez*, No. 19-CR-00012, 2020 WL 2787629, at *3 (S.D.N.Y. May 28, 2020).

"[T]he existence *vel non* of 'extraordinary and compelling reasons' determines only whether a defendant can be considered for release—the existence of such reasons does not mandate

2

release." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020); *see also United States v. Israel*, No. 05-CR-01039, 2019 WL 6702522, at *11 (S.D.N.Y. Dec. 9, 2019) ("A court is not required to reduce a sentence on compassionate release grounds, even if a prisoner qualifies for such reduction because of his medical condition. . . . [Section 3582] was drafted using the word 'may,' not 'must.'"). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

The statutory scheme thus requires first that a court determine that a defendant has exhausted his administrative remedies, that "extraordinary and compelling" reasons exist for a reduction in sentence, and that such reduction is consistent with the applicable policy statements issued by the Sentencing Commission. Once these elements are met, the Court must then consider and determine whether the § 3553(a) factors support early release. Application of the § 3553(a) factors requires an assessment of whether the relevant factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence." *Ebbers*, 432 F. Supp. 3d at 431. Those factors include, among others: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," and (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a).

Defendant is not entitled to a sentence reduction because, assuming *arguendo* that he exhausted administrative remedies,[1] he has failed to establish the existence of extraordinary and compelling reasons, and consideration of the factors set forth at 18 U.S.C. § 3553(a) does not warrant the relief requested.

With respect to "extraordinary and compelling reasons," 18 U.S.C. § 3582(c)(1)(A)(i), the Sentencing Commission has issued a Policy Statement setting forth certain definitions. U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) ("U.S.S.G."); *see Ebbers*, 432 F. Supp. 3d at 426. The reasons cited by the defendant do not place him squarely within any of the Policy Statement's definitions of "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13(b)(1)-(6).[2] Defendant contends that the "extraordinary and compelling" reason justifying compassionate release is his "extraordinary acceptance of responsibility." (Doc. 698 ¶ 5). He explains that by entering a guilty plea, admitting to having committed a robbery—despite now arguing that no robbery as the New York Penal Law defines it actually occurred (*id*. ¶¶ 8-12)—and foregoing the filing of a motion to vacate his conviction and sentence, opting instead for the instant motion, he has demonstrated such extraordinary acceptance of responsibility that would warrant a sentence reduction. The grounds relied upon by the defendant are not extraordinary and

---

[1] The Government argues that the defendant's failure to make a Reduction in Sentence request to the Bureau of Prisons at any of the facilities in which he has been held (MDC, FCI Otisville, or FCI Tucson), mandates denial of his motion for failure to exhaust administrative remedies. The defendant argues that while housed at MDC when he made the instant motion, the exhaustion requirement was inapplicable because only the Warden of his designated facility while the prisoner is physically in custody there can consider such an application. The Court declines to wade into the exhaustion issue and instead considers the merits of defendant's motion "for the sake of judicial economy and to avoid future motions based on the facts asserted in this motion." *See United States v. Gineyard*, No. 19-CR-00144, 2021 WL 531969, at *3 (D. Conn. Feb. 12, 2021).

[2] Where, as here, the motion is brought by a defendant as opposed to the BOP Director, the Court is not constrained to the definitions set forth in the policy statement, and has discretion "to determine what reasons, for purposes of compassionate release, are extraordinary and compelling." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

4

compelling reasons justifying any reduction in his sentence. That the defendant pleaded guilty and allocuted to—among other violent crimes—a robbery on August 5, 2020, was factored into the guidelines range at his sentencing as an adjustment for acceptance of responsibility. (*See* Doc. 564, "PSR" at 53, 54, 80, 81; Doc. 671, "Sent. Tr." at 7:5-6, 17:16-23).

Moreover, granting defendant a reduction in sentence would be neither "consistent with the applicable policy statement issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(i), nor supported by the "factors set forth in section 3553(a)," *id.* § 3582(c)(1)(A). Thus, even if the Court found defendant's application sufficient to establish "extraordinary and compelling" reasons, the Sentencing Commission policy statement also requires that the Court find that "the defendant is not a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(a)(2); and the Court's determination must then also be supported by the "factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). This, the Court cannot do.

The defendant has failed to address, much less sustain, his burden of proof that a reduction would be consistent with the applicable policy statement that he is not a danger to the safety of any other person or to the community. The Court, at sentencing, noted the need to protect the public from further crimes: the defendant's offense conduct is extremely serious and dangerous. His significant criminal history, coupled with the conduct in this case, involving his decades of active membership in a vicious, violent gang, were factors warranting the 188-month sentence imposed. (Sent. Tr. at 48:2-54:11). Defendant does not suggest that since this Court's findings at his sentencing, he is no longer a danger to the community or incapable of engaging in the same type of behavior that led to his incarceration. *Cf.*, *United States v. Asaro*, No. 17-CR-00127, 2020 WL 1899221, at *1, *7 (E.D.N.Y. Apr. 17, 2020) (granting compassionate release to a previously violent defendant because his physical ailments, including expressive aphasia, made it unlikely

that he remained capable to orchestrate complex criminal schemes); *United States v. Willis*, 382 F. Supp. 3d 1185, 1189 (D.N.M. 2019) (granting compassionate release to a blind, wheelchair-bound defendant who required round-the-clock care and had an estimated eighteen months to live).

In addition, and again assuming defendant had made a sufficient showing regarding "extraordinary and compelling" reasons and established that his release would be consistent with the applicable policy statement, which he has not, the § 3553(a) factors, which also must be considered on this application, do not support early release. These factors, such as "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct" also weigh against his early release. 18 U.S.C. § 3553(a).

The Court imposed a sentence at the bottom of the Sentencing Guidelines Range. At this time, he has served less than 20% of that sentence. Release at this relatively early stage would not reflect the seriousness of defendant's conduct, nor would it promote the needs for deterrence and to protect the public. For the reasons stated in detail at defendant's sentencing, which the Court incorporates by reference, a sentence of 188 months' imprisonment was necessary to achieve those goals. Moreover, defendant has not shown any reason that the sentence imposed by the Court is no longer sound. Indeed, the Court, at defendant's sentencing, fully accounted for defendant's acceptance of responsibility. (7:5-6, 17:16-23). The sentence imposed on June 27, 2023 remains the appropriate sentence today.

Accordingly, defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is dismissed for lack of jurisdiction. The Court further concludes that it would deny

the motion on its merits were jurisdiction to be restored following conclusion of the defendant's pending appeal.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 698).

The Government is directed to mail a copy of this Order to Defendant and file proof of such service.

                                                      **SO ORDERED:**

Dated: White Plains, New York
       December 1, 2023

                                              Philip M. Halpern
                                              United States District Judge